UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL PHILLIP TELEMAQUE**  **REG. #52332-004** | **:** | **CIVIL ACTION NO. 16-cv-375**  **SECTION P** |
| **VERSUS** | **:** | **JUDGE TRIMBLE** |
| **UNITED STATES OF AMERICA** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the *pro se* application for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by petitioner Michael Phillip Telemaque ("Telemaque"). At the time of filing, Telemaque was incarcerated at the Federal Correctional Institute in Talladega, Florida. Information on the Bureau of Prisons ("BOP") website shows that Telemaque was released on June 10, 2016. It is noted that a detainer charging possible deportation was filed against Telemaque on April 22, 2016. Doc. 5, att. 1, p. 2.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that this petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

I.
BACKGROUND

Following a jury trial, Telemaque was found guilty of four counts of failure to depart in violation of 8 U.S.C. § 1253(a)(1)(B). *United States v. Telemaque*, No. 2:11-cr-259 (W.D. La.), doc. 114, p. 2. He was sentenced on December 6, 2013, to fifty-seven months of incarceration on

each count to run concurrently, three years of supervised release, and assessed a $400.00 fine.  *Id.* at 6.

The claims made by Telemaque's petition, amended petition, and numerous exhibits filed herein are difficult to decipher.  The claims appear to center on his contention that his "immigration case has been closed, with no further action taken against him, which means case #2:11 cr 00259 is void and has no subject-matter jurisdiction to keep him on a 3 year supervised release, with a monetary penalty of $400."  Doc. 1, p. 6.  Case number 2:11-cr-259 is the case cited above in which this court sentenced Telemaque on December 6, 2013.  Telemaque now asks this court "to take case #2:11 cr 00259 and the 3 years supervised release of [sic] his record because of subject-matter jurisdiction violations."  *Id.*   He also asks "the court to have the B.O.P. or who ever took his money out of his account, for the monetary penaltie [sic] to put it back before June 12, 2016."  *Id.*

## II.
### LAW & ANALYSIS

At the onset, this court must determine whether Telemaque's claims are properly raised in a § 2241 *habeas* petition.

A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate, or set aside sentence under § 2255. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000).  An application for writ of *habeas corpus* brought under § 2241 may be properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Id.* at 877 – 878. The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001); *Reyes–Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001). A § 2241 petition is

not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of § 2255 rests on the petitioner. *Jeffers,* 253 F.3d at 830.

In order to meet the burden of establishing an ineffective or inadequate remedy under § 2255, a petitioner must satisfy the following factors: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes–Requena,* 243 F.3d at 904. Nonetheless, a remedy under § 2255 is not necessarily inadequate or ineffective simply because a petitioner has previously been denied relief under that section, is unable to meet the second or successive requirement (*Jeffers,* 253 F.3d at 830) or is barred from seeking it under the one-year limitations period. *See Pack v. Yusuff,* 218 F.3d 448, 452 – 453 (5th Cir. 2000) (rejecting argument that procedural bar of one-year limitations in § 2255 rendered remedy inadequate).

Here, regardless of how Telemaque phrases his claim, he is collaterally attacking the legality of his conviction and sentence, not the manner in which his sentence is being executed. As noted above, he specifically states that the case in which this court sentenced him is void and that this court did not have jurisdiction to sentence him. Accordingly, his claim is appropriately characterized as a motion to vacate pursuant to 28 U.S.C. § 2255. However, he does not contend that the remedy provided under § 2255 is inadequate or ineffective.

Further, to the extent that Telemaque bases his lack of subject-matter jurisdiction claim on his contention that "ICE cannot deport a person that gave notice of dual citizenship" [doc. 4, p. 8], such a claim attacks his order of removal. This court previously addressed this issue with Telemaque in *Telemaque v. Holder*, 10-cv-901 (W.D. La.), doc. 16. On May 11, 2005, the

President signed into law the "REAL ID Act of 2005." (See Pub. L. No. 109-13, Div. B, 119 Stat. 231.) Section 106(a) of the REAL ID Act of 2005 amends INA § 242(a) to provide that a petition filed in the appropriate court of appeals in accordance with § 242 is the sole and exclusive means for obtaining judicial review of an order of removal and that a petition for writ of *habeas corpus* is not an appropriate vehicle for challenging a removal order. These jurisdictional amendments became effective on May 11, 2005. See § 106(b). This court lacks jurisdiction to consider Telemaque's order of removal.

### III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 28 July 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE